**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Civil Action No. 26-cv-04202-NYW

ELVIS ALBERTO SEMPRUN PAZ,

Petitioner,

v.

JUAN BALTAZAR,

Respondent.

---

## MEMORANDUM OPINION AND ORDER

---

Before the Court is the Second Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Petition").[1] [Doc. 6]. Respondent has responded. [Doc. 11]. For the reasons set forth in this Order, the Petition is respectfully **GRANTED in part and DENIED in part**.

## BACKGROUND

Petitioner Elvis Alberto Semprun Paz ("Petitioner" or "Mr. Semprun Paz") is a citizen of Venezuela who entered the United States on April 23, 2016 on a valid B-2 visa and has resided in the United States since that time. [Doc. 6 at 5]. He has a pending application for asylum, submitted approximately 10 years ago, and his wife filed a Form

[1] Prior to the filing of this instant Petition, Petitioner filed an original Application for Writ of Habeas Corpus on September 8, 2026 [Doc. 1], but was ordered by the Honorable Richard T. Gurley to cure deficiencies on September 10, 2026. [Doc. 3]. Thereafter, Petitioner filed an Amended Application on September 17, 2026, and then filed this instant Petition on September 21, 2026.

I-130 Petition for Alien Relative on his behalf in July of 2025. [*Id.*]. Mr. Semprum Paz denies, and there is no evidence in the record that he is subject to a final order of removal. [*Id.* at 6]. Mr. Semprun Paz was detained by ICE on May 9, 2026 and is currently being detained at the Aurora Detention Center in Aurora, Colorado. [*Id.* at 1, 5].

On August 7, 2026, Petitioner was given a bond hearing. [*Id.* at 6, 22]. The immigration judge denied bond, reasoning in her written order, "Danger - pending charge for ASSAULT; BATTERY – DOMESTIC VIOLENCE." [*Id.* at 22]. Petitioner argues that the burden to prove that he was not a danger to the community was improperly placed on him at his bond hearing and that his continued detention without the Government proving its necessity by clear and convincing evidence violates due process. [*Id*. at 2]. Petitioner asserts one claim, for violation of his Fifth Amendment Due Process rights. [*Id*.]. As relief, Petitioner seeks his immediate release from custody "without monetary bond, subject only to reasonable non-custodial conditions" or "subject to any conditions of supervision [the Court] considers appropriate." [*Id.* at 4, 7].

In his Response, Respondent states that he "is not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case" and "recognizes that the Court may then decide to grant the Petition and award appropriate relief." [Doc. 11 at 1]. Respondent contends that "if the Court does grant the Petition, the appropriate relief would be an Order directing that Respondents, within seven days of this Court's Order, provide Petitioner with a new bond hearing under 8 U.S.C. § 1226(a), or else release Petitioner." [*Id.* at 2 (citing *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1251 n.13 (10th Cir. 2026))].

This matter is fully briefed and ripe for disposition. No Party has requested an evidentiary hearing or oral argument, and the Court finds that no hearing is necessary.

*Garcia Cortes v. Noem,* No. 25-cv-02677-CNS, 2025 WL 2652880, at *1 (D. Colo. Sept. 16, 2025) (declining to hold a hearing where the petitioner's habeas challenge was "fundamentally legal in nature").

## LEGAL STANDARD

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort,* 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis,* 533 U.S. 678, 687–88 (2001)).

## ANALYSIS

Mr. Semprun Paz argues that his due process rights were violated when the burden to prove he was not a danger to the community was improperly placed on him at his bond hearing. [Doc. 6 at 2]. Although the immigration judge's written order is silent on this point, *see* [*id.* at 22], Respondent does not contest that the burden of proof was placed on Petitioner at his bond hearing, [Doc. 11]. The Court construes this as a concession that the burden was placed on Petitioner at the bond hearing. *See Mendoza Hernandez v. Baltazar*, No. 26-cv-03652-WJM, 2026 WL 2453685, at *4 (D. Colo. Aug. 21, 2026) ("Respondents have waived any arguments they might otherwise have had in response to Mendoza Hernandez's claims by expressly declining to respond to Mendoza Hernandez's claims and his arguments in support of those claims.").

Courts determine "the type of process required in a given case" using the balancing

test set out in *Mathews v. Eldridge,* 424 U.S. 319 (1976). *See L.G. v. Choate,* 744 F. Supp. 3d 1172, 1180 (D. Colo. 2024) (quoting *Marin v. King,* 720 F. App'x 923, 940–41 (10th Cir. 2018)). Under *Mathews,* the Court considers three factors to determine whether a petitioner's due process rights have been violated: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." 424 U.S. at 335.

The private interest affected by the Government action—Petitioner's freedom from detention—"is the most elemental of liberty interests." *Hamdi v. Rumsfeld,* 542 U.S. 507, 529 (2004); *see also Zadvydas,* 533 U.S. at 690 ("Freedom from imprisonment . . . lies at the heart of the liberty that [the Due Process] Clause protects."); *Velasco Lopez v. Decker,* 978 F.3d 842, 851 (2d Cir. 2020) (describing "the interest in being free from imprisonment" as "the most significant liberty interest there is"). This factor weighs in favor of placing the burden at the bond hearing on the Government. *Kuzmic v. Baltasar,* No. 26-cv-00577-CYC, 2026 WL 1291853, at *3 (D. Colo. May 12, 2026).

The second factor also weighs in Petitioner's favor. "[R]equiring a noncitizen to prove that they are *not* a flight risk and *not* a danger to the community is an inherently more difficult burden to meet than proving the affirmative," since "'[a]s a practical matter it is never easy to prove a negative.'" *Alfaro Herrera v. Baltazar,* No. 25-cv-04014-CNS, 2026 WL 91470, at *10 (D. Colo. Jan. 13, 2026) (quoting *Elkins v. United States,* 364 U.S. 206, 218 (1960)); *see also Hernandez-Lara v. Lyons,* 10 F.4th 19, 31 (1st Cir. 2021) ("[P]roving a negative (especially a lack of danger) can often be more difficult than proving

a cause for concern."). Placing the burden on Petitioner to prove two negatives necessarily puts him "behind the eight ball in a bond proceeding, and the opportunities for prejudicial error abound." *Hernandez-Lara,* 10 F.4th at 31.

Finally, the Court must consider the Government's interest, "including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews,* 424 U.S. at 335. Respondent does not address this factor or identify any fiscal or administrative burdens that would result from placing the burden on the Government at Petitioner's § 1226(a) bond hearing. *See* [Doc. 11]. And since the Tenth Circuit has made clear that "noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond)," *Santillan Quiroz v. Mullin,* 180 F.4th 1226, 1237 (10th Cir. 2026), "any additional costs from shifting the burden of proof to the Government seem negligible," *Vizguerra-Ramirez v. Baltazar,* No. 25-cv-00881-NYW, 2025 WL 3653158, at *14 (D. Colo. Dec. 17, 2025); *see also Alfaro Herrera,* 2026 WL 91470, at *11 (recognizing that "it is likely that a government attorney would attend any bond hearing and prepare and marshal evidence of any possible danger or flight risk, regardless of which party bore the burden," and "[r]equiring that the government affirmatively present its position and evidence is unlikely to change that"). This factor weighs in Petitioner's favor.

Upon review of the *Mathews* factors, the Court finds that due process requires placing the burden on the Government at Petitioner's § 1226(a) hearing.[2] Because the

---

[2] A number of other Courts in this District have reached similar conclusions. *See Pu Tiu v. Warden*, No. 26-cv-02735-NYW, 2026 WL 2754599, at *3 n.3 (D. Colo. Sept. 17, 2026) (collecting cases).

immigration judge erroneously placed the burden on Petitioner, Petitioner is entitled to a new bond hearing under § 1226(a) at which the Government bears the burden to justify his continued detention by clear and convincing evidence.[3] *See Arredondo v. Baltazar,* No. 25-cv-03040-RBJ, 2025 WL 4083607, at *4 (D. Colo. Oct. 31, 2025) ("[T]he clear and convincing standard that generally 'applies to civil detention where liberty is at stake' is appropriate here." (quoting *L.G.,* 744 F.Supp.3d at 1186)); *see also Martinez Escobar v. Baltazar,* No. 26-cv-00296-NYW, 2026 WL 503313, at *5 (D. Colo. Feb. 24, 2026) (this Court agreeing with cases finding the clear and convincing evidence standard appropriate in bond hearing under § 1226(a)); *cf. Santillan Quiroz,* 180 F.4th at 1249 ("Due process requires that, whenever the Government detains somebody, it must have a good reason for doing so.... If the detention is civil and nonpunitive, like the immigration detention here, that reason must rise to the level of a 'strong special justification.'" (quoting *Zadvydas,* 533 U.S. at 690)).

Accordingly, the Petition is respectfully **GRANTED in part** and **DENIED in part**. It is **GRANTED** as to the substance of Petitioner's habeas claim, but it is **DENIED** insofar as Petitioner asks for immediate release. It is **ORDERED** that, on or before **October 22, 2026,** Respondent shall provide Petitioner another bond hearing under § 1226(a). **At the bond hearing, the Government must show by clear and convincing evidence that Petitioner is either a flight risk or a danger to the community. If Petitioner is not provided a bond hearing by that date, Respondent shall immediately release**

---

[3] Petitioner requests that the Court order his immediate release from custody "without monetary bond, subject only to reasonable non-custodial conditions" or "subject to any conditions of supervision [the Court] considers appropriate." [Doc. 6 at 4, 7]. This request is not accompanied by any supporting argument, *see generally* [*id.*], and the Court cannot raise arguments on Petitioner's behalf, *United States v. Yelloweagle,* 643 F.3d 1275, 1284 (10th Cir. 2011).

**Petitioner from custody**. On or before **October 29, 2026,** Respondent shall file a status report addressing (1) the results of any bond hearing that was conducted or, if no hearing was held, the date Petitioner was released from custody; and (2) whether any additional proceedings in this matter are required.

## CONCLUSION

For the reasons set forth in this Order, **IT IS ORDERED** that:

(1) The Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 6] is **GRANTED in part** and **DENIED in part;**

(2) Respondent shall provide Petitioner another bond hearing no later than **October 22, 2026. At the bond hearing, the Government shall bear the burden of proving, by clear and convincing evidence, that Petitioner's continued detention is justified. If Respondent does not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention**;

(3) On or before **October 29, 2026,** Respondent shall file a status report concerning (1) the results of any bond hearing that was conducted or, if no hearing was held, the date Petitioner was released from custody; and (2) whether any additional proceedings in this matter are required; and

(4) A Copy of this Order shall be sent to Petitioner at his address of record.

DATED: October 14, 2026

BY THE COURT:

Nina Y. Wang
United States District Judge